UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JOSE REYES,

                    Petitioner,

    - against -

UNITED STATES OF AMERICA

                  Respondent.

-------------------------------------------------------X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## OPINION AND ORDER

07 Civ. 10943 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/09

        Pro se petitioner José Reyes's moves to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255 ("section § 2255") on the ground that

this Court sentenced him based on:  (a) materially false information regarding the

Bureau of Prisons' ability to provide adequate medical care; and (b) a false

expectation regarding his life expectancy because of inadequate medical

treatment.[1]   Reyes acknowledges that his section 2255 motion is untimely, but

---

[1]   *See* § 2255 Motion to Vacate, Pursuant to Title 28 U.S.C.A. § 2255
("Motion") at 1 (stating that petitioner' sentence "was imposed in violation of his
federal constitutional right to due process where this Court relied upon material
misinformation when sentencing petitioner").  On March 12, 2008, Reyes also
submitted the following motions: Motion to Seal, Memorandum for Petitioner;
Petitioner's Motion for Appointment of Counsel; and Petitioner's Motion to
Amend his § 2255 [Motion], to Vacate, Set Aside, or Correct His Sentence.  Due
to Reyes's cooperation, the Government agrees that the filings submitted in
connection with his section 2255 motion should be sealed to ensure Reyes's

argues that because he has been exhausting his administrative remedies over the

last five years trying to obtain adequate medical treatment, he is entitled to

equitable tolling.   For the reasons that follow, Reyes's section 2255 motion must

be dismissed because it is untimely and without merit and, alternatively, because it

was filed in the wrong court.[2]

## I.    BACKGROUND

### A.    1994 Conviction

In 1994, Reyes and several co-conspirators were indicted on charges

of racketeering ("RICO"), engaging in a continuing criminal enterprise ("CCE"),

and murder, all of which were associated with the operation of a large narcotics

---

continued safety.  Petititoner's request for counsel is, however, moot given this
Opinion and Order.  Finally, this Court considered, and rejected, the arguments set
forth in petitioner's amended section 2255 motion ("Am. Mot."), most of which
were restatements of arguments previously made in his original section 2255
motion.  Petitioner's original section 2255 motion and his amended section 2255
motion will be referred to collectively as petitioner's "section 2255 motion."

[2]    Although Reyes denominates his section 2255 motion as an attack on his
sentence, in substance it focuses on the inadequacy of medical care provided by
the BOP during his confinement.  Complaints regarding such conditions of
confinement are not properly brought under section 2255.  Rather, such
complaints should be brought under 28 U.S.C. § 2241("section 2241") and filed in
the district of confinement.  Construing the instant motion as an application for a
writ of habeas corpus pursuant to section 2241 leaves this Court without
jursidiction, however, as Reyes is incarcerated at FCI Fairton in Fairton, New
Jersey.

distribution organization.  Reyes went to trial in April 1996 and was found guilty

on the RICO and CCE counts, as well as seven counts of conspiracy to commit

murder, and one count of conspiracy to violate  federal narcotics laws.   On

January 29, 1997, this Court sentenced Reyes to life in prison.[3]

**B.    Reyes's Cooperation**

Shortly after his sentencing, Reyes contacted law enforcement

authorities and indicated his willingness to cooperate in exchange for a possible

reduction to his life sentence.  On July 15, 2002, Reyes pled guilty to a five-count

Information[4] (02 CR 914 (SAS)), pursuant to a Cooperation Agreement with the

Government dated July 8, 2002.[5]  Count One charged Reyes with being a member

of a racketeering enterprise – the "Reyes Organization" –  which engaged in

narcotics trafficking and murder.[6]  Count One specifically included the murder of

"John Doe" in 1988 as a racketeering act.[7]  Counts Two through Five charged

---

[3]    *See* Judgment of Conviction, 94 CR 872 (SAS), dated January 31, 1997, Ex. A to the 4/4/08 Letter-Brief from Assistant United States Attorney Michael M. Rosensaft (Gov't Mem.").

[4]    *See* Ex. B to the Gov't Mem.

[5]    *See* Ex. C to the Gov't Mem.

[6]    *See* Ex. B ¶ 1.

[7]    *See id.* ¶ 6.

Reyes with participating in four additional murders in furtherance of the racketeering enterprise: the murder of James Tolson on October 25, 1990; the murder of "John Doe" in 1991; the murder of Raymond Molina on March 27, 1993; and the murder of "Bacquero" in 1993 or 1994.[8]  In the Cooperation Agreement, Reyes also stipulated to participating in two other murders: the murder of John Richards on March 10, 1991; and the murder of Christopher Livingston on July 10, 1992.[9]

### C.   2003 Sentencing and Resentencing

On February 24, 2003, Reyes appeared for sentencing on Information 02 CR 914 and resentencing on Indictment S3 94 CR 872.  The Government previously submitted a "5K1.1 letter" requesting that Reyes be sentenced on Information 02 CR 914 in accordance with the factors set forth in section 5K1.1(a)(1)-(5) of the United States Sentencing Guidelines.[10]  The Government also moved under Rule 35(b) of the Federal Rules of Criminal Procedure for a reduction of the life sentence imposed in connection with Indictment 94 CR 872. The sentencing was adjourned because this Court needed more information as to

---

[8]   *See id.* ¶¶ 7-14.

[9]   *See* Ex. C at 3.

[10]   *See* 2/11/03 Letter from AUSA Karl Metzner, Ex. D to the Gov't Mem.

4

whether the Bureau of Prison ("BOP") could provide adequate medical care for

Reyes. This Court appointed Dr. Kristjian T. Ragnarsson, a medical expert, to

evaluate Reyes's medical condition and provide information as to whether the

BOP could adequately care for his medical needs. After examining Reyes and

speaking to the BOP, Dr. Ragnarsson concluded:

> After reviewing Mr. Reyes' medical records and completing my interview and examination of him, I believe that he has received adequate medical care for the various conditions relating to his spinal cord injury with the exception of delayed surgical intervention for the bilateral ischial pressure ulcers. Most of his medical and personal needs are currently being met with the exception of treating his elevated blood [lead] levels . . . .[11]

 After receiving this report, Reyes was sentenced on August 5, 2003, to twenty

years imprisonment on Indictment S3 94 CR 872 and 136 months imprisonment

on Information 02 CR 914. The 136-month sentence on the Information was

subsequently amended to run fully concurrently, and be coterminous with, the

twenty-year sentence on Indictment S3 94 CR 872.[12]

---

[11]   6/2/03 Letter from Dr. Ragnarsson, Ex. E to the Gov't Mem., at 1-2.

[12]   *See* Judgment of Conviction dated March 9, 2004, 02 CR 914, Ex. F to the Gov't Mem.

**D.    Reyes's Section 2255 Motions**

Reyes filed an original section 2255 motion and an amended section 2255 motion in which he argues that he has not received adequate medical care from the BOP and that the BOP provided false information to the Government, which was relayed to this Court, during his August 5, 2003 sentencing. Both motions contain substantially the same arguments and will be referred to collectively as Reyes's "section 2255 motion." Specifically, Reyes alleges that the Assistant United States Attorney ("AUSA") previously assigned to his case, Karl N. Metzner, made the following misrepresentation to the Court: "'I believe given the information that we have, that he will in fact be given adequate medical care for the foreseeable future.'"[13] Reyes argues that this Court committed an error of law or fact in relying on this misrepresentation in determining the appropriate sentence.[14]

> The Court relied on the government's representation at sentencing, that is, providing that the (BOP) provide defendant adequate medical care the Court fashioned a sentence in part premised on defendant having a life expectancy of 20 years once released from prison. Defendant has continually shown as a direct result of the

---

[13]    Am. Mot. at 9 (quoting 8/5/03 Sentencing Transcript ("Tr."), Ex. G to the Gov't Mem., at 20).

[14]    *See* Motion at 13.

6

(BOP's) false, misleading or inaccurate information and its inability or unwillingness to provide defendant adequate medical care, prejudiced him at sentencing as the outcome could have been more favorable.[15]

Although Reyes acknowledges that his section 2255 motion is untimely, he argues that he is entitled to equitable tolling of the one-year statute of limitations because he has tried to obtain adequate medical care by exhausting his administrative remedies with the BOP.[16]

## II.   LEGAL STANDARD

Section 2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. In particular, "[s]ection 2255 provides that a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected if he or she claims that the court, in sentencing him or her, violated the Constitution or the laws of the United States , improperly exercised jurisdiction, or sentenced him or her beyond the maximum time authorized by law."[17]

---

[15]   Am. Mot. at 14.

[16]   *See id.* at 21.

[17]   *Thai v. United States*, 391 F.3d 491, 493 (2d Cir. 2004).

7

A properly filed motion under section 2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.[18]   Accordingly, collateral relief under section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'"[19]

## III.   DISCUSSION

### A.   Reyes's § 2255 Motion Is Untimely

#### 1.   The One-Year Statute of Limitations Bars Reyes's Motion

The Antiterrorism and Effective Death Penalty Act of 1996[20] ("AEDPA") enacted a one-year statute of limitations which runs from the latest of:

---

[18]   *See* 28 U.S.C. § 2255.

[19]   *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). *Accord United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 1989) ("Habeas corpus relief is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.").

[20]   Pub. L. No. 104-132, 110 Stat. 1214.

      (1)    the date on which the judgment of conviction becomes final;

      (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

      (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[21]

Reyes's section 2255 motion is untimely under subsection (1) because it was not filed within one year from the date on which his conviction became final. Reyes was sentenced on August 5, 2003, and his conviction became final ten days later, on August 15, 2003, because he did not file a direct appeal.[22] Thus, Reyes had until August 15, 2004, in which to file a timely section 2255

---

[21]  28 U.S.C. § 2255 ¶ 6.

[22]  *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."). Although this Court amended the Judgment of Conviction on March 9, 2004, to correct a clerical error, this does not extend the time in which to file an appeal. *See Hernandez v. Shearin*, No. 01 Civ. 9847, 2002 WL 143721, at *2 n.3 (S.D.N.Y. July 2, 2002).

motion.  The motion that Reyes did file, dated May 7, 2007, is clearly untimely under subsection (1).[23]  Reyes acknowledges as much in his amended section 2255 motion but claims that the limitations period should be equitably tolled.[24]

### 2.   Reyes Is Not Entitled to Equitable Tolling

AEDPA's one-year statute of limitations period for the filing of section 2255 motions may be equitably tolled where: 1) some extraordinary circumstances prevented the petitioner from filing his motion; and (2) the petitioner acted with reasonable diligence throughout the period he seeks to toll.[25] The burden is on the defendant to demonstrate the existence of such extraordinary circumstances.[26]  It is not enough simply to show extraordinary circumstances;  the party seeking equitable tolling has the burden of demonstrating "a causal

---

[23]   Subsections (2), (3), and (4), are not applicable in this case – nor does Reyes argue that they are applicable.

[24]   *See* Am. Mot. at 20 ("As a threshold matter, defendant's § 2255 is untimely.").

[25]   *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2003).

[26]   *See Ortiz v. Senkowski*, No. 01 Civ. 2402, 2001 WL 126178, at *2 (S.D.N.Y. Oct. 22, 2001).

relationship between the extraordinary circumstances on which the claim for
equitable tolling rests and the lateness of [the] filing."[27]

Courts have rarely equitably tolled AEDPA's one-year statute of
limitations period, and have done so only when some extraordinary circumstance
actually prevented a defendant from filing a section 2255 motion.[28] Notably,
courts have refused to equitably toll AEDPA's one-year statute of limitations
period simply because a defendant was pursuing other remedies available to him.
For example, in *Trenkler v. United States*,[29] the First Circuit rejected the notion
that AEDPA's one-year period should be equitably tolled because the defendant
was waiting for a decision on his motion for a new trial. The First Circuit noted
the apparent inefficiency of its decision but nonetheless held "the fact that a statute
of limitations creates certain inefficiencies or inconveniences hardly qualifies as

---

[27] *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

[28] *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)
(tolling appropriate where the court gave the defendant incorrect instructions on
how and when to file his section 2255 motion); *Menefee*, 391 F.3d at 147 (tolling
available where a prisoner is physically prevented from filing by prison officials);
*United States v. Williams*, No. 05 Civ. 8165, 2006 WL 2034642, at *3 (S.D.N.Y.
July 19, 2006) (tolling available where defendant is physically or mentally unable
to file his motion).

[29] 268 F.3d 16 (1st Cir. 2001).

11

extraordinary circumstances."[30]  In short, equitable tolling is only applicable where

something actually prevents a defendant from filing.  Equitable tolling does not

apply where a defendant simply defers filing a section 2255 motion to pursue

other avenues of relief.

Reyes claims that he has met his burden of showing extraordinary

circumstances because he has been "trying unsuccessfully for two years or more to

complete the administrative appeal process provided by the BOP, but [was]

impermissibly prevented by staff and officials . . . from filing as a result of (1)

fraud, (2) fear, (3) threats, and (4) retaliation."[31]  Reyes does not argue that BOP

officials physically prevented him from filing a section 2255 motion.  In support

of his argument, Reyes cites *Foley v. Cockrell*[32] for the proposition that the period

during which a petitioner is exhausting administrative remedies should be

equitably tolled.  *Foley*, however, addressed the exhaustion requirements

applicable to a habeas petition filed pursuant to 28 U.S.C. § 2254 (defendants in

state custody), not section 2255 (defendant in federal custody).[33]

---

[30]  *Id.* at 25 (quotation marks and citation omitted).

[31]  Motion at 7.

[32]  222 F. Supp. 2d 826, 828-29 (N.D. Tex. 2002).

[33]  *See id.* at 827.

12

Section 2255 does not require the exhaustion of administrative

remedies as a prerequisite to filing.[34]  As Reyes is collaterally attacking his

sentence, there are no BOP administrative remedies that could provide him with

the relief he requests.  The fact that Reyes was trying to obtain additional medical

care through the BOP's administrative process did not prevent him from filing his

section 2255 motion.  Thus, the fact that Reyes was pursuing administrative

remedies regarding the conditions of his confinement simply has no bearing on

whether a section 2255 motion should be equitably tolled.  Equitable tolling,

therefore, is not warranted under these circumstances.[35]

**B.      Reyes's § 2255 Motion Is Without Merit**

Reyes's main contention is that the BOP provided false information

to the AUSA, who in turn provided false information to the Court, when the BOP

represented that petitioner would be given adequate medical care while in

---

[34]  *See Hernandez v. United States*, No. 06 Civ. 799, 2006 WL 1080406, at *1
n.2 (S.D.N.Y. Apr. 24, 2006) (holding that "there is no requirement that a
petitioner exhaust administrative remedies before filing a motion pursuant to
section 2255").

[35]  Moreover, Reyes did not diligently pursue his section 2255 rights.
According to the exhibits submitted with his section 2255 motion, Reyes did not
file his first administrative complaint until February 12, 2005, six months after the
one-year statute of limitations period had expired.  *See* Motion, Ex. W2.

13

custody.[36]  Reyes argues that this misrepresentation harmed him because the

twenty-year sentence imposed by this Court was based on: (1) the presumption

that Reyes would receive adequate medical care while in custody; and (2) a

twenty-year life expectancy upon release from custody.[37]  Reyes claims that this

misrepresentation violated his due process right to a fair sentencing procedure.[38]

        "Convicted defendants . . . have a due process right to a fair

sentencing procedure which includes the right to be sentenced on the basis of

accurate information."[39]  A sentence is subject to collateral attack when it is based

"upon misinformation of constitutional magnitude,"[40] or upon "a foundation so

---

[36]   *See* Motion at 10.

[37]   *See id.* at 1-2 ("And, had it been known that the BOP either was not or could
not provide the adequate medical care necessary to realize the 20 year life
expectancy once petitioner was released from prison as the defense and Court
believed it had, counsel for petitioner could have advocated for (and the court
could have granted) an even further downward departure that could have resulted
in a lesser sentence.").

[38]   *See* Am. Mot. at 19.

[39]   *United States v. Rone*, 743 F.2d 1169, 1171 (7th Cir. 1984) (citing *United
States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741
(1948)).

[40]   *Tucker*, 404 U.S. at 447.

14

extensively and materially false, which the prisoner had no opportunity to correct .

. . that [it] renders the proceedings lacking in due process."[41]

> A sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence.[42]

Reyes fails both prongs.

First, Reyes is simply wrong in alleging that the Government provided this Court with false information during his sentencing. Reyes alleges that the following statement, made during his sentencing proceeding by AUSA Metzner, was false: "I believe that, given the information that we have, [Reyes] will in fact be given adequate medical care for the foreseeable future."[43]   In fact, the Government's assessment as to whether Reyes would be provided adequate medical care was not false but was reasonably based on evidence put before this Court.  That evidence included a report of an independent expert, Dr. Kristjian T. Ragnarsson, who assessed Reyes's medical condition and the BOP's ability to care

---

[41]   *Townsend*, 334 U.S. at  741.

[42]   *Rone*, 743 F.2d at 1171.

[43]   Tr. at 20.

for him, and concluded that "[m]ost of his medical and personal needs are

currently being met with the exception of treating his elevated blood [lead] levels .

. . ."[44] Thus, the Government's statement that it believed Reyes would receive

adequate medical treatment while in custody was wholly consistent with the

evidence before this Court.

Second, this Court did not rely on the AUSA's statement regarding

the BOP's ability to provide adequate medical treatment.  To the contrary, this

Court was disillusioned in this regard.

> Mr. Reyes's letters to the court, as well as his
> memorandum of law with voluminous exhibits,
> demonstrate a long history of suffering since his
> incarceration in 1994 as a result of the BOP's inability or
> unwillingness to properly attend to his medical needs.
>
> * * *
>
> Although the BOP now contends that it can acccommodate
> all of Mr. Reyes's medical needs and some of Dr.
> Ragnarsson's recommendations, there's really no reason to
> believe that they will do a better job than they have done in
> the past.  Thus, I find that Mr. Reyes will experience
> significantly more hardship and suffering than the average
> prisoner.[45]

---

[44]  6/2/03 Letter from Dr. Ragnarsson, Ex. E to the Gov't Mem., at 2.

[45]  Tr. at 24-25.

16

In sum, Reyes cannot establish that false information was provided to the Court or that this Court relied upon such false information in imposing sentence.[46] Thus, there was no due process violation. Accordingly, even if his section 2255 motion were not time-barred, it would be dismissed for lack of merit.

### C. Reyes's § 2255 Motion Is More Properly Construed as a § 2241 Motion, Over Which This Court Lacks Jurisdiction

Reyes couches his motion as a section 2255 motion by claiming that "the BOP provided false information to the AUSA, which in return provided this false information to the Court by representing that petitioner would in fact be given adequate medical care for the foreseeable future."[47] Upon further scrutiny, however, Reyes's arguments do not relate to his sentence but are directed to the conditions of his confinement – specifically, the inadequate medical care he receives while in custody. Under section 2255, a defendant may only challenge his sentence, he cannot challenge the way in which his sentence is being carried

---

[46]   Although Reyes makes much of his expected twenty-year life expectancy upon release, the Court was merely making an observation in stating "when Mr. Reyes is released from prison, his life expectancy will be 20 years, presuming he gets all of the medical services the BOP promises they will provide." Tr. at 27. The Court did not base the twenty-year sentence imposed on the twenty-year life expectancy or work backwards from that life expectancy in determining the appropriate sentence. Thus, the Court's comments regarding Reyes's life expectancy were merely observations.

[47]   Motion at 10.

out.[48]   Accordingly, these claims are not cognizable under section 2255.[49]   Instead,

claims challenging conditions of confinement must be brought pursuant to section

2241 in the district in which the defendant is incarcerated.[50]

In support of his motion, Reyes claims that: 1) he has been denied

sterile water; 2) he has been denied sanitary gloves; 3) he was not given a timely

colonoscopy; 4) he has had long delays in obtaining toilet cushions; 5) he has not

received proper wound dressing; 6) he was denied access to a "wound specialist;"

and 7) he was denied a needed protein supplement that he needed.[51]   These

complaints, which are not related to the sentencing proceeding, focus on the

inadequate medical treatment provided to Reyes by the BOP over the last five

---

[48]   *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

[49]   *See McEwan v. United States*, 279 F. Supp. 3d 462, 465 n.2 (S.D.N.Y. 2003) (rejecting defendant's claim of inadequate medical treatment under § 2255); *Ruiz v. United States*, No. 99 Civ. 9869, 2000 WL 1029186, at *1 (S.D.N.Y. July 24, 2000) ("[C]laims of inadequate medical treatment are 'not cognizable in a federal habeas corpus proceeding.'") (quoting *United States v. Sisneros*, 599 F.2d 946, 947 (10th Cir. 1979)); *Preciado v. United States*, No. 02 Civ. 1883, 2002 WL 31956007, at *2 (E.D.N.Y. Dec. 16, 2002) ("Preciado's complaints about his medical treatment in prison are not cognizable under § 2255.").

[50]   *See generally Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991) (noting that challenges to conditions of confinement are properly brought under 28 U.S.C. § 2241).

[51]   *See* Motion at 11-12.

18

years.  A defendant must pursue such complaints of inadequate medical treatment

through the BOP's administrative process; and, once exhausted, he can file a

habeas petition pursuant to section 2241.[52]

Because Reyes's pro se pleadings should be construed liberally,[53] his

section 2255 motion should be construed as a section 2241 petition.  However, if

construed as a section  2241 petition, it must be dismissed because a petition for a

writ of habeas corpus pursuant to section 2241 must be filed in "the district

wherein the restraint complained of is had."[54]  As Reyes is not confined in this

district, this Court has no jurisdiction over a petition filed under section 2241.

Accordingly, the instant motion is dismissed without prejudice to re-filing in the

district of confinement, which is the District of New Jersey.

## IV.    CONCLUSION

As is stands, Reyes's section 2255 motion must be dismissed as

untimely and without merit.  In the alternative, if Reyes's section 2255 motion is

---

[52]  *See Preciado*, 2002 WL 31956007, at *2 ("Preciado's complaints regarding his medical treatment should be addressed in the first instance to the BOP.  If, upon exhausting his administrative remedies, he wishes to pursue his complaint, he should do so in the district court in the federal judicial district in which he is confined.").

[53]  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[54]  28 U.S.C. § 2241(a).

construed as a petition challenging the conditions of his confinement under

section 2241, it must be dismissed for lack of jurisdiction. Accordingly, the

instant motion is dismissed without prejudice, subject to re-filing as a petition

under section 2241 in the district of Reyes's confinement.[55] The Clerk of the

Court is directed to close this case.

The remaining issue is whether to grant a certificate of appealability

("COA"). For a COA to issue, petitioner must make a "substantial showing of the

---

[55]   Whether AEDPA's one-year limitations period will bar a subsequently filed
section 2241 petition is an open question. Section 2241 itself does not contain a
statute of limitations provision. However, "[s]everal courts of appeals . . . have
held that the AEDPA's one-year statute of limitations applies equally to habeas
petitions filed by *state* prisoners under 28 U.S.C. § 2241." *Blue v. United States*,
No. 2:08-cv-00694, 2008 WL 4346801, at *2 (S.D. Ohio Sept. 18, 2008) (citing
*Brock v. Howes*, 96 Fed. App'x 968, 969 (6th Cir. 2004); *Burger v. Scott*, 317 F.3d
1133, 1138 (10th Cir. 2003); *Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000))
(emphasis added). This interpretation makes sense for state prisoners who have
limited recourse to section 2241. "Because a *federal* prisoner cannot challenge the
*execution* of his or her sentence by a motion under section 2255, he or she must
resort to a section 2241 petition to do so. A state prisoner . . . by contrast, not only
may, but according to the terms of section 2254 must, bring a challenge to the
execution of his or her sentence . . . under section 2254. A petition under section
2241 is therefore unavailable to him." *Cooke v. New York State Div. of Parole*,
321 F.2d 274, 278 (2d Cir. 2003) (emphasis in original). Keeping the statute of
limitations period the same for sections 2241 and 2254 forecloses the possibility
that a state prisoner will circumvent the statute of limitations period otherwise
applicable to a section 2254 petition by bringing a section 2241 petition instead.
*See* 28 U.S.C. § 2244(d)(1)(A) - (D). This rationale may not apply to federal
prisoners bringing section 2241 petitions as this is their only recourse to challenge
the conditions of their confinement.

denial of a constitutional right."[56] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[57] Because petitioner has made no such showing, I therefore decline to grant a certificate of appealability.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 3, 2009

---

[56]   28 U.S.C. § 2253(c)(2).

[57]   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

## - Appearances -

**Petitioner (Pro Se):**

Jose Reyes
# 43690-004
FCI Fairton
P.O. Box 379
Fairton, NJ 08320

**For Respondent:**

Michael M. Rosensaft
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2366

22